## Phoenix, Jellico Coal Company v. Grant.

(Decided April 30, 1912.)

### Appeal from Laurel Circuit Court.

1. Actions—Recovery of Personal Property—Counterclaim—Evidence.—In an action to recover certain items of personal property by a lessee which he claimed had been adjudged to him in a former action, but which the lessor had wrongfully withheld from him, evidence examined and held that the verdict in favor of the lessee upon the counterclaim of the lessor in which it pleaded that the lessee was indebted to it in a much larger sum in excess of the property claimed, was error, and as there was no evidence of a substantial nature upon which the finding of the jury as to the counterclaim can be based, the trial judge should have awarded the appellant a new trial.

2. Equity—Transfer of Action.—In view of the complicated state of accounts, the case should be transferred to equity with the right given to file additional pleadings.

SAM C. HARDIN for appellant.

H. C. CLAY for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

On August 1, 1905, W. R. Grant leased a certain coal property in Laurel county, Kentucky, from the Phoenix Jellico Coal Co. Said lease was to run for four years and nine months. By its terms he obligated himself to build a tipple, make such improvement upon the property as were necessary to expediently operate the mine, and pay to the company ten cents per ton for all coal mined. The company was operating a commissary near these leased premises, and it agreed to supply to said lessee such goods at its store as he needed at prices which it charged its own employes. The company was to furnish to lessee the necessary cars to handle the coal mined by him. Under this lease the lessee proceeded to operate the mine, but at the expiration of about ten months it was found that it had become unprofitable, and he was indebted to the company in a sum in excess of $2,200. Upon June 1, 1906, a new contract was entered into between them, by the terms of which the lessee agreed to pay the company $100 per month on its indebtedness of $2,239.22 until same was satisfied, and in case the said lessee failed to make these monthly pay-

ments as provided in this amended contract then he was
to turn over and transfer his lease, mules, harness and
other property to the company in satisfaction of his in-
debtedness to it, and the lease was thereupon to termi-
nate.   The lessee failed to meet his monthly obligations
and the company took possession of the mine  and  in-
sisted upon enforcing its contract of June, 1906.   There-
after the lessee instituted a suit, in which he alleged that
the contract of June, 1906, had been obtained from him
through fraud and that it did not in fact represent the
real agreement into which he had entered with the com-
pany, and he sought to have it cancelled or reformed,
and also to recover damages alleged to have been sus-
tained by having been deprived of the right to work the
mine.   Several defenses were interposed by  the  com-
pany, chief of which was that the lessee was himself a
party to any fraud of which was perpetrated or commit-
ted by the execution of the contract of June, 1906, and
that therefore he was estopped from denying the provis-
ions of the contract and not entitled to have it avoided.
The case was prepared for trial and upon final submis-
sion the Chancellor found that the contract was obtained
by fraud and adjudged its reformation.   He further held
that certain personal property which belonged to the
lessee and which had been taken possession of by the
company should be returned to the lessee, but that the
company had a lien upon this property to secure the
payment of any money which was owing to it by the
lessee, and that this lien could not be enforced until the
expiration of the lease.   Being dissatisfied with that
judgment, both the company and the lessee, Grant, prose-
cuted an appeal to this court where, upon consideration,
the judgment of the lower court upon both the original
and the cross-appeal was affirmed.   Phoenix-Jellico Coal
Co. v. Grant, 136 Ky. 751.

Thereafter the lessee, Grant, instituted another suit
in the Laurel Circuit Court in which he sought to recover
of the company the particular items of personal proper-
ty which he claimed had been wrongfully and unlawfully
withheld from him and which were adjudged to him in
the suit of Grant v. Phoenix-Jellico Coal  Co.,  above
referred to.   The reasonable value of each  particular
item of personal property claimed was  set  out.   The
prayer of the petition was for the property, if it was to
be had, and if not, its value, and in addition  $100   for

withholding it. The company denied that it wrongfully or unlawfully withheld said personal property from the plaintiff and pleaded that plaintiff was indebted to it in a sum largely in excess of the value of the property as claimed by plaintiff, and it made its claim against plaintiff a counterclaim and sought judgment thereon.

It seems there was then pending another suit between the same parties, growing out of an alleged violation of the contract between them, and defendant sought to have the two suits consolidated and transferred to equity. This motion was successfully resisted by plaintiff and the case under consideration was submitted to a jury for trial. Proof was heard and a verdict returned in favor of plaintiff for each item of personalty sued for or its value as fixed in the petition if said property was not to be had, and for $100 damages for wrongfully withholding it from the plaintiff. A verdict was also returned in favor of plaintiff on the counter claim set up by defendant. Judgment having been entered on the verdict and a motion for a new trial having been overruled, the defendant appeals and seeks a reversal, primarily upon the ground that the verdict is flagrantly against the evidence.

In the opinion in this case rendered upon the former appeal it was held that appellant had a lien upon the property of appellee involved in this litigation to secure it in the payment of such sum as appellee was owing to appellant for goods and supplies, etc., furnished him to enable him to operate the mine, but that such lien could not be enforced until the expiration of the lease. Nevertheless, it existed. Under said opinion appellee was entitled to the possession of this porperty in order that he might work the mine, and if appellant withheld it from him it would be liable in damages therefor.

Complaint is not seriously made of the finding of the jury upon this point. It is because the jury returned a verdict in favor of appellee on appellant's counterclaim that a reversal is sought. Appellee admits in his testimony that in June, 1906, he owed to appellant more than $2,200. He claims to have made a small payment thereon since that date, and while he says at the time he testified that he owed nothing, he failed utterly to show how he had satisfied his said indebtedness. True, he testifies that he took out considerable coal during the five or six months following June, 1906, but he also admits that the appellant paid all the expense incident to the mining

of this coal; and, as the record on the former appeal showed that the coal was mined at a loss, it was altogether improbable that any considerable sum was realized as a profit by appellee from said mining to which he is entitled as a credit on his indebtedness.

With the evidence in this condition, upon motion the trial judge should have awarded appellant a new trial, for there is no evidence of a substantial nature upon which the finding of the jury as to the counterclaim can be based. Since it appears from the testimony of appellee that a proper determination of the issues in this case will necessitate the investigation of complicated accounts and the enforcement of appellant's lien, the case should be transferred to equity and the right given either party to file additional pleadings, setting up more particularly their respective claims and defenses, and the case should then be prepared as an equity case.

Judgment reversed and cause remanded for further proceedings consistent herewith.